IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANA CORNELIO, 38365-177,  §  <br> Petitioner,  § <br> § | 3:11-CV-341-B |
| v.  § | 3:08-CR-268-B(02) |
| §  <br> UNITED STATES OF AMERICA,  § <br> Respondent.  § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner was charged with: (1) conspiracy to possess with intent to distribute and distribution of a controlled substance, to wit: more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846a and 841(b)(1)(A) as alleged in Count One; and (2) money laundering, in violation of 18 U.S.C. § 1956, as alleged in Count Two.

On September 11, 2009, Petitioner pled guilty to Count One pursuant to a written plea agreement. On July 26, 2010, the Court sentenced Petitioner to 200 months custody, three years supervised release and ordered forfeiture of certain real property. Petitioner did not file a direct appeal.

On February 18, 2011, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255. She argues:

1. The Court did not consider all of the factors under 18 U.S.C. § 3553, including

   Petitioner's family circumstances;

2. The Court imposed an unreasonable sentence;

3. The Court should have applied a downward departure under USSG § 5K1.1 and § 5K2.2;

4. The Court did not consider Petitioner individually;

5. The Court did not correctly apply the Sentencing Guidelines;

6. The Court should have applied the safety valve provision;

9. The Court should have applied a downward variance;

10. The Court erred in applying the sentence enhancements;

11. The Court erred in not considering Petitioner's substantial cooperation;

12. Petitioner received ineffective assistance of counsel when counsel:

  (A) failed to disclose all "the factors" to the Court;

  (B) failed to object to the PSR;

  (C) promised Petitioner she would receive a downward departure;

  (D) failed to argue the correct calculations for the guidelines, the safety valve provision and the enhancements; and

  (E) failed to file an appeal and/or explain her appellate rights.

On June 13, 2011, Respondent filed its answer. Petitioner did not file a reply. On August 2, 2012, the Court appointed Petitioner counsel to represent her at an evidentiary hearing. On September 26, 2012, the Court held an evidentiary hearing on Petitioner's claim that counsel failed to file an appeal and/or explain her appellate rights. On October 10, 2012, Petitioner submitted additionally briefing. On October 18, 2012, the government submitted a reply. The

Court now finds the petition should be denied.

## II. Factual Background

The following factual background is taken from the Factual Resume.

Between May 1, 2007, and August 1, 2008, Petitioner conspired with Angel Hernandez, Israel Vasquez, Juan Chavez, Irving Cornelio Reynoso, and others to possess with intent to distribute more than 500 grams of methamphetamine. Petitioner, along with Angel Hernandez and others, acquired large quantities of methamphetamine that would be distributed through Israel Vasquez and others. Petitioner and Hernandez used the proceeds from the sale of the narcotics to purchase additional methamphetamine from an unidentified source of supply in Mexico. Additionally, Hernandez and Petitioner concealed their ownership of several properties that were purchased with drug proceeds.

On February 17, 2008, Angel Hernandez, Petitioner, Jose Juan Hernandez, and others were involved in the possession with intent to distribute approximately 20 pounds of methamphetamine. Angel Hernandez and Petitioner flew to California to oversee the transfer and participate in the transfer of the methamphetamine into a truck driven by Jose Juan Hernandez. California officers later stopped the truck and seized approximately 20 pounds of methamphetamine.

During the execution of a search warrant at the storage location controlled by Angel Hernandez and Petitioner on September 16, 2008, DEA officers seized two separate quantities of methamphetamine. Laboratory analysis confirmed the first contained "ice" methamphetamine and weighed 570.7 grams (91.9 % pure methamphetamine) and the second contained 4.01 kilograms of "ice" methamphetamine (98.4 % pure methamphetamine).

Petitioner admits that she and Angel Hernandez used the ranch property located at 5318 Duncanville Road, Duncanville, Texas, to store controlled substances for further distribution.

Petitioner admits that during the course of the conspiracy, she and other organization members possessed with intent to distribute at least 15 kilograms of methamphetamine and/or 1.5 kilograms of "ice" methamphetamine.

Factual Resume at 2-4.

## III. Discussion

**1.    Guilty Plea/Waiver**

Petitioner raises a number of trial error claims. Petitioner, however, pled guilty pursuant to a plea agreement. Under the plea agreement, Petitioner waived the right to collaterally attack her sentence except for claims that (1) her guilty plea and/or waiver were involuntary; and (2) she received ineffective assistance of counsel. It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

The record shows that Petitioner voluntarily entered her guilty plea and waiver. Petitioner stated she reviewed the indictment with her attorney and she understood the charges. (Sent. Tr. at 8.) She also stated she understood the plea agreement and Factual Resume and that she reviewed these documents with her attorney. (*Id*. at 9, 20.) She stated she agreed with all portions of the Factual Resume. (*Id*. at 20, 22). The Court informed Petitioner that her penalty range was ten years to life in prison. (*Id*. at 16.) Petitioner stated she understood the penalty range. (*Id*. at 17.) Petitioner stated she was pleading guilty freely and voluntarily, and that she was not pressured, threatened or intimidated into pleading guilty. (*Id*. at 13 - 14.) Petitioner also stated she understood the appeal waiver in her plea agreement. (*Id*. at 11-12.) The Court finds Petitioner knowingly and voluntarily entered her guilty plea and waiver. Petitioner's trial error claims are therefore waived.

**2.     Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be

highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. PSR

Petitioner argues her counsel was ineffective because he failed to object to the PSR. The record reflects, however, that defense counsel filed three objections to the PSR. In his first objection, counsel argued Petitioner should not be subject to the two-level enhancement for the firearms that were seized at the Duncanville location. The Court overruled this objection. (Sent. Tr. at 8-9.) Counsel also objected to the four-level enhancement for Petitioner's role in the offense. The Court sustained this objection in part, and reduced the enhancement to a three-level enhancement. (*Id.* at 12-13). Finally, counsel objected to the PSR's conclusion that there were no mitigating factors that warranted a departure from the guidelines. Counsel argued that Petitioner was under duress to participate in the conspiracy and was abused by her common law husband who was a co-conspirator. At sentencing, counsel called Dr. Lisa Clayton who testified that Petitioner suffered from posttraumatic stress disorder and that her husbanded dominated and

abused her. (*Id.* at 21.) Petitioner's claim that her counsel did not object to the PSR is therefore without merit.

### B.    Downward Departure

Petitioner argues her counsel was ineffective because he promised her she would receive a downward departure. She states counsel's deficient conduct caused her to not receive the downward departure. The record shows that Petitioner received both a downward departure and a downward variance. The government filed a motion for downward departure of five levels due to Petitioner's substantial assistance. The Court granted this motion. (Sent. Tr. at 34.) The Court also granted Petitioner a ten month variance by sentencing her to 200 months, which was ten months below the lowest end of the guideline range. (*Id.* at 39.) Petitioner's claim is without merit.

### C.    Failed to Make Proper Arguments

Petitioner claims her counsel was ineffective because he failed to argue the correct guideline calculations, failed to argue Petitioner was entitled to the safety valve provision and failed to argue the sentencing enhancements did not apply.

As discussed above, defense counsel did file objections to the enhancements. Additionally, the safety valve provision did not apply to Petitioner. The safety valve provisions of 18 U.S.C. § 3553(f) permit the Court to impose a guideline sentence in a drug case without regard to a statutory minimum. Petitioner, however, did not qualify for the safety valve provision because she received an enhancement for possession of a firearm in connection with the offense. *See* 18 U.S.C. § 3553(f)(2). Petitioner's counsel was not required to file frivolous motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner has failed to state

what further calculations of the guidelines her counsel failed to argue. Petitioner's claim should be denied.

### D. Failed to Disclose All "Factors"

Petitioner argues his counsel was ineffective because he failed to argue "all factors" to the Court. Although this claim is unclear, the Court construes the claim as arguing that counsel failed to present the factors under 18 U.S.C. § 3553.[1] Petitioner fails to state which § 3553 factors her counsel failed to argue. Further, the sentencing transcripts reflect that the Court considered the § 3553 factors. This claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### E. Appeal

Petitioner argues her counsel was ineffective because he failed to file a direct appeal and/or failed to adequately inform her of her appellate rights. On September 26, 2012, the Court held an evidentiary hearing on this claim.

Petitioner testified at the hearing that she was distraught after hearing her sentence and that counsel spent only a few minutes with her after sentencing. She claims she later attempted to call her attorney from the jail and that she left several messages with her counsel's secretary stating she wanted to file an appeal. Defense counsel testified that prior to sentencing and again after sentencing he informed Petitioner of her limited right to appeal, and told her she needed to

---

[1] 18 U.S.C. § 3553 requires that the court consider certain factors in determining a defendant's sentence. These factors include the nature of the offense, the history and characteristics of the defendant, the need to avoid unwarranted sentence disparities among defendants, the need for the sentence to reflect the seriousness of the crime, promote respect for the law, and provide just punishment, the need to protect the public, etc.

inform him within ten days if she wanted to file an appeal. Defense counsel stated that Petitioner verbally told him she did not want to file an appeal. Defense counsel also testified that his staff was reliable and that he received no phone message that Petitioner wanted to file an appeal. Counsel also stated that Petitioner's family was in contact with him and no one from the family informed him that Petitioner wanted to file an appeal.

The record shows the District Court also informed Petitioner that she had a limited right to appeal as stated in the plea agreement, that the appeal must be filed within ten days and that the Court would appoint an attorney for her if she wished to pursue an appeal. (Sent. Tr. at 43.)

The Court finds defense counsel's testimony credible and determines that defense counsel informed Petitioner of her appellate rights and the time limit for filing an appeal. The Court further finds that neither Petitioner nor anyone in her family informed defense counsel that she wanted to file an appeal. This claim should be denied.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 22nd day of October, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).